UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12cr25-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER OF DISMISSAL** |
| JUAN ANTONIO MOLINA-SANCHEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| PETITION OF YURITZI MALDONADO ) | |
| ALEJANDRE ) | |
| _____ ) | |

THIS MATTER is before the Court on the government's motion to dismiss a handwritten document filed *pro se* by Yuritzi Maldonado Alejandre on March 27, 2013 (Doc. No. 27).

The document in question is not captioned and is described by the government as a "letter." Maldonado Alejandre refers to it as a "propety (sic) claim / petition" in her certificate of service and apparently intends to assert an interest in real property located at 620 West Franklin Street, Salisbury, North Carolina. This property ("West Franklin") was listed in a preliminary order of forfeiture entered on February 12, 2013. The Court will therefore treat the document as an attempt to file a third-party petition under Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2)-(3) and will refer to Maldonado Alejandre as "petitioner."

BACKGROUND

Petitioner alleges that she is "an owner" of West Franklin, and the government agrees that the property is titled in her name. *See* Exhibit 1 to the government's motion. Thus it

1

appears undisputed that petitioner has asserted "a legal interest in the property" as required by § 853(n)(2).

> The specific pleading requirements for a third-party petition are set forth in § 853(n)(3):
>
> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

Petitioner has neither signed her petition under penalty of perjury, nor alleged the nature and extent of her interest in West Franklin, nor stated the time and circumstances of the acquisition. In particular, she has alleged no source of funds of any kind, much less a legitimate source sufficient to permit the purchase of a house for cash, as discussed below.

In this case, Juan Molina-Sanchez pled guilty to an eight-year drug conspiracy beginning in 2004. In a related criminal case, No. 3:12CR316-FDW, Juan's brother and petitioner's husband, Jorge Molina-Sanchez, was convicted by a jury on multiple charges including the same drug conspiracy. In Jorge's trial before this Court, the evidence established that substantial quantities of cocaine were distributed by the members of the conspiracy. Moreover, in a related civil forfeiture case against West Franklin, which was acquired in 2009, the government has submitted an affidavit including information regarding large currency transactions and payment by Jorge and petitioner of $180,000 in cash for construction of the house on West Franklin. *See* Affidavit of Task Force Officer D.C. Ramsey (Exhibit 2 to the motion to dismiss). In light of this background, the government argues that the pleading requirements in § 853(n)(3) are not mere technicalities but are material to the issue of whether petitioner is a mere nominee or a true owner of the property who can satisfy the substantive requirements of § 853(n)(6)(A) or (B) in an ancillary proceeding.

ANALYSIS

"Courts have strictly construed the statutory requirements in order to discourage false or frivolous claims." *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D.La. 2010), *citing cases including United States v. Loria*, 2009 WL 3103771, at *1-2 (W.D.N.C. Sept. 21, 2009) (Reidinger, J.). "While at least one court considering a *pro se* petition has held that such a defect can easily be cured by amendment, the Court finds no reason to create an exception to the statutory requirements here." *Ginn*, 799 F.Supp.2d at 647 (citations omitted).

In this case, as in *Ginn*, the notice served on petitioner expressly stated that any petition must be filed under penalty of perjury, as required by the statute. *See* Exhibit 3 to the government's motion. Nothing in the record shows any reason for noncompliance. On this basis, therefore, the Petition should be dismissed.

Petitioner's failure to state the details regarding the nature of her interest and the time and circumstances of her acquisition of West Franklin is also grounds for dismissal. *See Ginn*, 799 F.Supp.2d at 647 (*pro se* petitioners' failure to state the time of acquisition or provide supporting facts not excused); *United States v. Klemme*, 894 F.Supp.2d 1113, 1117 (E.D.Wisc. 2012) (*pro se* letter treated as petition and dismissed for failure "to specify the time and circumstances of petitioner's acquisition of . . . the shotgun), *citing Ginn*; *United States v. Weekley*, 2010 WL 5247936 at *4 (N.D. Iowa 2010) (*pro se* letter dismissed for failure to state the "time and circumstances of [the petitioner's] alleged acquisition of an ownership interest in the Camaro"); *United States v. Chan*, 2009 WL 5195872 (D.Vt. 2009) (apparently *pro se* claim dismissed for failure to provide explanation of interest in seized currency that was sufficient to establish statutory standing).

IT IS THEREFORE ORDERED that the petition filed on March 27, 2013, is hereby dismissed.

Signed: August 13, 2013

Frank D. Whitney
Chief United States District Judge