UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:12cr25-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | FINAL ORDER AND JUDGMENT |
| v. ) | CONFIRMING FORFEITURE |
| ) | |
| JUAN MOLINA-SANCHEZ, ) | |
| ) | |
| Defendant. ) | |

BACKGROUND

On February 12, 2013, this Court entered a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32(d)(2), based upon the Defendant's plea of guilty to Counts One and Two in the Bill of Indictment and evidence already on record, as well as Defendant's consent to forfeiture in his plea agreement. The Preliminary Order listed three parcels of real property, including one parcel located at 620 West Franklin Street, Salisbury, North Carolina.

On March 27, 2013, the Court received a letter (Doc. 27) from Yuritzi Maldonado Alejandre, who is the wife of defendant's brother, Jorge Molina-Sanchez, and the holder of record title to 620 West Franklin Street. *See* General Warranty Deed attached as Exhibit 1 to *Motion to Dismiss* filed April 26, 2013 (Doc. 28-1). Alejandre asserted an interest in the West Franklin Street property, and her letter was therefore deemed to be a *pro se* third-party petition under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c)(1).

On April 26, 2013, the government moved to dismiss Alejandre's petition because it was not signed under penalty of perjury and otherwise failed to comply with the pleading

requirements of § 853(n)(3). On August 13, 2013, after Alejandre failed to respond, the petition was dismissed.

On September 18, 2013, this Court entered an Amended Preliminary Order dismissing the other two parcels, leaving only 620 West Franklin Street to be forfeited in this case.

ANALYSIS

I. Nexus and Foreseeability.

In cases involving forfeiture of criminal proceeds, all foreseeable proceeds are attributable to each member of a conspiracy for purposes of joint and several liability. *See United States v. Elder*, 682 F.3d 1065 (8th Cir. 2012); *United States v. Fruchter*, 411 F.3d 377 (2d Cir. 2005). Moreover, property purchased with proceeds is also subject to forfeiture as proceeds, or as property derived from proceeds. *See United States v. Hawkey*, 148 F.3d 920, 927-28 (8th Cir. 1998) (defendant county sheriff purchased a van with misappropriated funds, traded the van along with personal funds to purchase a truck, sold the truck to pay off a loan, and then wrote a personal check to purchase a motor home; motor home held subject to forfeiture as property "involved in" and "traceable to" his money laundering offense); *United States v. Thomas*, 913 F.2d 1111, 1117-18 (4th Cir. 1990) (under totality of the circumstances, purchase of six lots with "cash expenditures [which] vastly exceeded Thomas' legitimate income" held sufficient to establish probable case for forfeiture of the lots as property "acquired with the proceeds of [drug] transactions"). Accordingly, property identified as criminal proceeds of a conspiracy, or as property derived from such proceeds, may be forfeited criminally from a convicted member of the conspiracy, even where the property relates to substantive acts which were not charged or on which the defendant was acquitted. *See United States v. Hasson*, 333

F.3d 1264, 1279 n.19 (11th Cir. 2003); *United States v. Hatfield*, 795 F.Supp.2d 219, 227 (E.D.N.Y. 2011) (defendant convicted of conspiracy required to forfeit proceeds of the entire conspiracy, including proceeds from acts for which the defendant was not personally responsible).

In a multi-defendant case, conspirators are jointly and severally liable for the amount of a proceeds forfeiture. *See United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005); *United States v. Candelaria-Silva*, 166 F.3d 19, 44 (1st Cir. 1999). However, most courts, including the Fourth Circuit, hold that an individual defendant's joint and several liability is limited to the amount reasonably foreseeable to that individual. *Elder*, 682 F.3d at 1072; *Fruchter*, 411 F.3d at 384; *United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir. 1996); *but see United States v. Browne*, 505 F.3d 1229, 1279 (11th Cir. 2007) (holding forfeiture liability in RICO case not limited to foreseeable amounts). *See generally* B. Frederic Williams, Jr., & Frank D. Whitney, *Federal Money Laundering: Crimes and Forfeitures* §§ 11.9.3 - 11.9.4 (1999) (analyzing cases on foreseeability and discussing forfeiture of proceeds in money laundering cases).

Based on evidence submitted with the government's previous motion to dismiss Alejandre's petition, which was incorporated by reference in the motion for the Amended Preliminary Order, the Court found a nexus between Defendant's crimes and the West Franklin Street property. That evidence was aptly summarized by the government as follows:

> "[T]he government submitted an affidavit of Task Force Officer David Ramsey, which included facts regarding West Franklin Street. Essentially, an individual named Gregory Vickers stated to law enforcement officers that he built the house on West Franklin Street for Jorge and Petitioner [Alejandre] and was paid $180,000 in cash, mostly by Petitioner but also by Jorge. *See* Government Motion to Dismiss Alejandre Petition (Doc. 28 herein), Exhibit 2 at ¶ 12. Because Jorge and defendant herein were members of the same drug conspiracy, and because most people do not pay for houses with cash, these facts also support an inference that the West Franklin Street house was built with drug money from the conspiracy. There is also a rebuttable presumption of

3

forfeiture because the property was acquired in 2009, during the period of the conspiracy, with no other apparent source of legitimate funds. See § 853(d)."

*Motion to Amend* filed September 17, 2013, at 3 (Doc. 31). The Court therefore reaffirms its finding of a nexus between 920 West Franklin Street and the criminal conspiracies to which defendant pled guilty.

In addition, this nexus was reasonably foreseeable to defendant. As further shown by Officer Ramsey's affidavit, Gregory Vickers built residential structures for both defendant and Jorge, and a cooperating witness stated that defendant told him (the witness) that Vickers would take cash "under the table" to build homes. Affidavit (Doc. 28-2) ¶¶ 11-15, 19. This is precisely what Vickers did for Jorge and Alejandre at 620 West Franklin Street.

II. Ownership.

While Alejandre is the holder of record title to the West Franklin Street property and neither defendant nor his brother Jorge had any record ownership interest in that property., nonetheless once the required nexus to defendant's crimes has been shown and that nexus was reasonably foreseeable to defendant as a member of the conspiracies in question, the property may be forfeited as part of defendant's sentence in this criminal case, subject to any ownership interests of third parties.

Criminal forfeiture is not limited to property owned by the defendant; it "reaches any property that is involved in the offense . . . ." *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006); *see also United States v. Grossman*, 501 F.3d 846, 849 (7th Cir. 2007) (affirming forfeiture of real property titled to defendant's wife because "[t]he interests subject to forfeiture encompass all the fruits of a defendant's crimes"); *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009) ("Rule 32.2 *requires* the issuance of a preliminary order of forfeiture when the proper

nexus is shown, whether or not a third party claims an interest in the property") (emphasis original). The ancillary proceeding ensures that property belonging to third parties is not inadvertently forfeited. *De Almeida*, 501 F.3d at 849; s*ee also* United *States v. Dupree*, 919 F. Supp.2d 254, 274 (E.D.N.Y. January 28, 2013) (the *in personam* nature of criminal forfeiture "changes nothing" if the forfeited property is proceeds of a crime the defendant committed). Older cases requiring property ownership by a criminal defendant, such as *United States v. Gilbert*, 244 F.3d 888 (11th Cir. 2001), and *United States v. Odell*, 247 F.3d 655, 680 (6th Cir. 2001), were based on former Rule 31(e) and are no longer good law. *Dupree*, 919 F.Supp.2d at 275; *accord*, *United States v. Zai*, 932 F.Supp.2d 824, 829 (N.D. Ohio 2013) ("*Gilbert* has been superseded by Fed.R.Crim.P. 32.2"). Therefore, the fact that defendant has no legal ownership interest in the West Franklin Street property does not bar criminal forfeiture in this case nor does it prevent the United States from obtaining and warranting good title for purposes of 21 U.S.C. § 853(n)(7).

## FINAL FORFEITURE

On September 21, 2013 through October 20, 2013, the United States published via www.forfeiture.gov, notice of this forfeiture and of the intent of the government to dispose of the forfeited property according to law, and further notifying all third parties of their right to petition the Court within sixty days from September 21, 2013 for a hearing to adjudicate the validity of any alleged legal interest in the property. Other than the letter/petition filed by Alejandre, which has been dismissed, it appears from the record that no petitions have been filed.

It is therefore ORDERED:

In accordance with Rule 32.2(c)(2), the Amended Preliminary Order of Forfeiture is

confirmed as final. All right, title, and interest in the following property has therefore been

forfeited to the United States for disposition according to law:

**Real property located at 620 West Franklin Street, Salisbury, North Carolina, as more particularly described in a deed dated July 8, 2009, and recorded at Deed Book 1147, Page 134, in the Rowan County Public Registry.**

Signed: January 16, 2014

Frank D. Whitney
Chief United States District Judge